**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10355 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-08164-DGC-1 |
| v. | |
| GARY S. CHRISTENSEN, | MEMORANDUM* |
| Defendant-Appellant, | |
| ALLIANCE BANK OF ARIZONA, a division of Western Alliance Bank; et al., | |
| Real-parties-in-interest. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Gary S. Christensen appeals pro se from the district court's order granting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the government's motions for garnishment disposition under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(c)(7), to satisfy Christensen's restitution obligation, *see* 18 U.S.C. §§ 3613(a), 3663A. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly found that Christensen's objections to the garnishment writs were untimely filed, and Christensen had provided no good cause or excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B); 28 U.S.C. § 3205(c)(5). Therefore, the district court did not err by denying the objections and granting the government's motions for disposition. *See* 28 U.S.C. § 3205(c)(7) ("After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.").

In any event, Christensen's objections to the garnishment, which he renews on appeal, also fail on the merits. Christensen has not shown that the district court erred in declining to stay the garnishment proceedings pending his challenge to the underlying restitution order. He has also failed to support his argument that the district court's partial grant of coram nobis relief affects the instant garnishment

disposition order.[1]  Christensen's argument that the government lacks authority to collect criminal restitution also lacks merit.  *See* 18 U.S.C. §§ 3613(a), (f); *United States v. Mays*, 430 F.3d 963, 965-67 (9th Cir. 2005).  Finally, contrary to Christensen's contentions, the record indicates that the government properly satisfied the procedural requirements for pursuing garnishment under § 3205 of the FDCPA.

All pending motions are denied as moot.

**AFFIRMED.**

---

[1] During the pendency of this appeal, the district court granted in part Christensen's petition for writ of error coram nobis, and lowered the amount of his restitution obligation.  Christensen does not dispute the government's assertion that it has thus far collected approximately $383,620.24 from the garnishees and that its final collection will not exceed the amended restitution order, which sets Christensen's revised restitution obligation at $783,272.19.